BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re CINTAS CORPORATION ARBITRATION LITIGATION | ) MDL No. ______ |

CA06-112S

**THE *VELIZ* PLAINTIFFS' MOTION TO TRANSFER AND CONSOLIDATE ACTIONS PURSUANT TO 28 U.S.C. §1407**

The 2,400 individual plaintiffs in *Veliz v. Cintas Corp.*, No. 03-1180 SBA (N.D. Cal.) (the "*Veliz* plaintiffs"), approximately 1,900 of whom are named as defendants in one of at least 70 separate federal court actions filed by Cintas Corporation ("Cintas") earlier this month, respectfully move, under 28 U.S.C. §1407 and Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation to transfer to the United States District Court for the Northern District of California ***all*** pending and yet-to-be-filed federal cases between Cintas and the 2,400 opt-in plaintiffs for consolidated or coordinated pretrial proceedings. Each of these cases involves the identical parties (Cintas and its current and former employees who assert claims for unpaid overtime and ERISA violations) and identical issues (the proper construction of Cintas' employment arbitration agreement and the authority of the American Arbitration Association ("AAA") to arbitrate the employees' overtime claims in the arbitration proceedings presently pending before AAA Arbitrator Bruce Meyerson).

The pending actions are listed in the accompanying Schedule of Involved Actions, attached hereto as Exhibit 7.[1] These actions assert identical questions of fact and law; and consolidation or coordination of these actions will necessarily promote efficiency and convenience of the parties, the witnesses and the courts. The requirements for transfer and consolidation or coordination are fully satisfied.

In support of this motion, the *Veliz* plaintiffs submit the accompanying brief and state as follows:

1. The moving *Veliz* plaintiffs are the 2,400 current and former Cintas employees who either originally filed *Veliz v. Cintas Corp.*, No. 03-1180 SBA (N.D. Cal.) (the "*Veliz* Action"), or

---

[1] If the *Veliz* plaintiffs become aware of additional actions brought against them by Cintas, we will inform the Panel.

who lawfully joined that action by filing individual Consents to Sue under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), pursuant to court-approved notice.

2. The *Veliz* plaintiffs allege that defendant Cintas violated the FLSA by failing to pay overtime premiums to plaintiffs, who are current and former route delivery drivers employed by Cintas, often known as "Service Sales Representatives." The *Veliz* plaintiffs have also alleged class action claims under various states' overtime laws on behalf of several subclasses, and a class action claim under ERISA on behalf of all similarly situated current and former employees. A true and correct copy of the operative Second Amended Class and Collective Action Complaint in *Veliz* is attached to the accompanying Declaration of Michael Rubin in Support of the *Veliz* Plaintiffs' Motion to Transfer and Consolidate Actions Pursuant to 28 U.S.C. §1407 ("Rubin Decl.") as Exhibit 8.

3. U.S. District Court Judge Saundra Brown Armstrong certified *Veliz* as a collective action under the FLSA in November 2003, and gave potential plaintiffs until January 19, 2005 to opt in to the litigation. A true and correct copy of the FLSA Notice that informed potential plaintiffs of their right to participate in the *Veliz* action is attached to the Rubin Decl. as Exhibit 9. A total of 2,400 plaintiffs filed timely Consents to Sue.

4. On August 8, 2003, Cintas moved to compel arbitration of the FLSA and state overtime claims of the original 65 *Veliz* plaintiffs under Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §4, pursuant to standardized employment agreements signed by most of those plaintiffs that included a mandatory predispute arbitration clause. Cintas did not move to compel arbitration of any *Veliz* plaintiffs' ERISA claims, which are outside the scope of Cintas' arbitration agreements.

5. On April 5, 2004, Judge Armstrong ordered 55 of the original 65 *Veliz* plaintiffs to arbitrate their overtime claims, after severing various unconscionable provisions from Cintas'

arbitration agreements. Rubin Decl., Ex. 10. On May 4, 2005, after plaintiffs moved for reconsideration, Judge Armstrong held that the arbitration of those 55 plaintiffs' overtime claims must take place within the Northern District of California, as required by the venue provision of FAA §4. Rubin Decl., Ex. 11.

6. On May 4, 2004, the 55 original *Veliz* plaintiffs who had been compelled to arbitrate under Judge Armstrong's April 5, 2004 Order filed a Demand for Class/Collective Arbitration before the AAA, under its Supplementary Rules for Class Arbitration. In their arbitration demand, the *Veliz* plaintiffs stated that they were proceeding on their own behalf and on behalf of all other plaintiffs who had filed or would file Consents to Sue in the federal *Veliz* Action whose claims are deemed arbitrable by the *Veliz* Court. The demand in the *Veliz* Arbitration, AAA Case No. 11 160 01323 04, is attached to the Rubin Decl. as Exhibit 12. Cintas has fully participated in that arbitration and in the summer of 2004, the *Veliz* plaintiffs and Cintas jointly selected the Hon. Bruce Meyerson, a retired judge of the Arizona Court of Appeals, as the single arbitrator.

7. In July 2004 and September 2005, the *Veliz* Arbitration claimants filed two supplements to their demand for arbitration, submitting the names of additional *Veliz* opt-in plaintiffs whose overtime claims were arbitrable under the *Veliz* Court's rulings.

8. On March 29, 2006, the claimants in the AAA Arbitration submitted to Arbitrator Meyerson a final list of the names of all *Veliz* plaintiffs whose overtime claims had been deemed arbitrable by Judge Armstrong.

9. On June 7, 2005, Cintas, having previously moved to compel arbitration under FAA §4 against the first group of opt-in plaintiffs, filed a motion to stay litigation under FAA §3 against the subsequent groups of opt-in plaintiffs whom Cintas asserted were required to arbitrate their FLSA claims. On February 14, 2006, Judge Armstrong granted Cintas' stay motion in part and

denied it in part, retaining jurisdiction over some opt-in plaintiffs and staying the litigation of other opt-in plaintiffs' overtime claims. Rubin Decl., Ex. 13.

10. Under the AAA's Supplementary Rules for Class Arbitration, which all parties agree are applicable to the AAA proceedings before Arbitrator Meyerson, the first stage of the arbitration is a partial final award regarding "clause construction," which any party may move to confirm or vacate. Rule 3 of the AAA's Supplementary Rules provides as follows:

> ***Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award"). The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award.*** Once all parties inform the arbitrator in writing during the period of the stay that they do not intend to seek judicial review of the Clause Construction Award, or once the requisite time period expires without any party having informed the arbitrator that it has done so, the arbitrator may proceed with the arbitration on the basis stated in the Clause Construction Award. If any party informs the arbitrator within the period provided that it has sought judicial review, the arbitrator may stay further proceedings, or some part of them, until the arbitrator is informed of the ruling of the court.
>
> In construing the applicable arbitration clause, the arbitrator shall not consider the existence of these Supplementary Rules, or any other AAA rules, to be a factor either in favor of or against permitting the arbitration to proceed on a class basis.

(Emphasis added.)

11. On February 9, 2006, the *Veliz* Arbitration claimants initiated the clause construction phase of the arbitration on their own behalf and on behalf of all similarly situated current and former Cintas employees by filing a motion and a brief setting forth the reasons why the Cintas arbitration agreements permit the arbitration to proceed on a class and collective basis. A true and correct copy of claimants' clause construction brief is attached to the Rubin Decl. as Exhibit 14.

12. In their clause construction brief, the *Veliz* Arbitration claimants demonstrated why all opt-in plaintiffs in the *Veliz* Action with arbitrable overtime claims are lawfully and contractually entitled to participate in the *Veliz* Arbitration.

13. On March 1, 2006, counsel for the parties participated in a teleconference with Arbitrator Meyerson to discuss an appropriate briefing and hearing schedule with respect to claimants' clause construction motion. Cintas asked to have until April 7, 2006 to file its opposition to the *Veliz* Arbitration claimants' clause construction brief and to submit any other motion Cintas might file. Arbitrator Meyerson granted Cintas' request and set a hearing date of May 9, 2006 on the clause construction issue.

14. On or about March 10, 2006 – more than a month after claimants filed their clause construction motion – Cintas filed at least 70 separate Petitions to Compel Arbitration in district courts around the United States (the "Arbitration Actions"). These actions seek to compel arbitration, under FAA §4, of the FLSA and state-law overtime claims asserted in the *Veliz* Action by the individual opt-in plaintiffs in *Veliz* whose overtime claims in that case were stayed by Judge Armstrong under FAA §3, and whose arbitrations are already underway before Arbitrator Meyerson. All of the Arbitration Actions of which the *Veliz* plaintiffs are aware are listed on the Schedule of Involved Actions attached hereto as Exhibit 7. An exemplar of these petitions, filed by Cintas in *Cintas Corp. v. Griffin*, No. 4:06-cv-0091 (S.D. Iowa), is attached to the Rubin Decl. as Exhibit 4.

15. Cintas' principal argument, presented in identical language in each of the 70 Arbitration Actions, is that the arbitration agreement language that Judge Armstrong previously construed, and that is presently under consideration by Arbitrator Meyerson at the clause construction phase of the pending AAA arbitration, requires the *Veliz* plaintiffs to arbitrate their claims in separate arbitrations around the country, notwithstanding that they have already submitted their claims to Arbitrator Meyerson.

16. On or about March 23, 2006 Cintas began to serve the complaints in the Arbitration Actions, by personal service and by mail, on each of the over 1,800 defendants in those actions – each of whom is also a *Veliz* plaintiff in the case before Judge Armstrong.

17. Each of the Arbitration Actions is essentially identical. Each rests on the identical legal argument and the identical construction of the Cintas arbitration agreements, and each further rests upon findings and rulings previously made by Judge Armstrong in *Veliz*. The only difference among the 70 Arbitration Actions is that each one names different *Veliz* plaintiffs as Arbitration Act defendants (depending on those plaintiffs' last place of employment with Cintas). Because issues in Cintas' petitions are related, and because the workers' defense to Cintas' Arbitration Actions will be identical as well and will likely resolve the petitions on dispositive pre-trial motions, consolidation of those actions is essential. There is a substantial risk of inconsistent rulings regarding the construction and interpretation of Cintas' arbitration agreements if the Arbitration Actions are permitted to proceed in 70 separate district courts, and are not coordinated or consolidated with the *Veliz* action. There is also a substantial risk of inconsistent rulings on the issues the Arbitration Action defendants are likely to raise in opposition on motions to dismiss, strike, abate, or stay those Actions.

18. The *Veliz* Action and the Arbitration Actions are closely intertwined. Every party in the Arbitration Actions is also a party in the *Veliz* Action. Over the past three years, the *Veliz* Court has examined and analyzed the Cintas arbitration agreements at issue in the Arbitration Actions in extraordinary depth, and has issued several rulings concerning those agreements. *See, e.g.*, Rubin Decl., Exs. 10, 11, 13. All parties will be relying on these rulings in the Arbitration Actions.

19. Because Cintas did not seek to compel arbitration of any of the *Veliz* plaintiffs' ERISA claims, the ERISA claims of each of the Arbitration Action defendants remain pending before Judge Armstrong in *Veliz*. The outcome of those claims depends on the merits of the plaintiffs' FLSA and state-law overtime claims, and cannot be decided by the *Veliz* Court until the adjudication of the overtime claims in the *Veliz* Court and in the *Veliz* Arbitration is completed, and until after any petition to confirm or vacate the award in the *Veliz* Arbitration is adjudicated. Those

ERISA claims will never be before the 70 federal courts in which Cintas recently filed the Arbitration Actions. All defendants in the Arbitration Actions have at least some federal claims remaining in the Northern District of California *Veliz* Action.

20. If the Arbitration Actions are not consolidated or coordinated with the *Veliz* Action, the burden on the *Veliz* Court in adjudicating the ERISA claims of all the *Veliz* plaintiffs will be dramatically increased. If Cintas were to prevail in unconsolidated Arbitration Actions, the *Veliz* Court would have to wait for the outcomes of potentially dozens of separate arbitrations addressing the merits of the *Veliz* plaintiffs' overtime claims, including petitions to confirm or vacate arbitration awards, which might be inconsistent and inevitably would not conclude simultaneously. Such delays would be grossly inefficient and highly prejudicial to all of the *Veliz* plaintiffs, including not only the approximately 1,850 who are required to arbitrate, but also the 483 opt-in plaintiffs who were permitted to remain in federal court, but who may be unable to adjudicate their ERISA claims until the arbitrations of all similarly situated Cintas employees have been resolved as well.

21. For these reasons, transfer for consolidation or coordination of the Arbitration Actions and the *Veliz* Action is necessary to avoid imposing an enormous financial and logistical burden on the court system and on the parties litigating those actions; to prevent inconsistent rulings on the interpretation of Cintas' arbitration agreements; to promote the convenience of the parties and witnesses; and to promote the just and efficient resolution of all of the cases.

22. The U.S. District Court for the Northern District of California is the most appropriate transferee court for these actions because the *Veliz* Action has been ongoing there for three years; the *Veliz* Court has substantial familiarity with the arbitration agreements at issue in the Arbitration Actions, having decided three motions concerning the applicability and interpretation of Cintas' arbitration agreements; and the defendants in the Arbitration Actions, each of whom is also a

plaintiff in the *Veliz* Action, chose to participate in litigation proceeding in the Northern District of California, regardless of where he or she lives in the United States.

WHEREFORE, for the foregoing reasons and as set forth more fully in the accompanying brief, the *Veliz* plaintiffs respectfully move the Judicial Panel on Multidistrict Litigation to order the transfer for consolidation of all the Arbitration Actions and the *Veliz* Action to the District Court for the Northern District of California, assigning these matters to the Honorable Saundra Brown Armstrong, with her consent, or to another district court with the experience to manage the complex litigation involved here.

DATED: March 30, 2006

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
THEODORE J. PINTAR
STEVEN W. PEPICH
JAMES A. CAPUTO
LAWRENCE A. ABEL
HELEN I. ZELDES

STEVEN W. PEPICH

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ALBERT H. MEYERHOFF
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
NANCY M. JUDA
1100 Connecticut Avenue, N.W., Suite 730
Washington, DC 20036
Telephone: 202/822-6762
202/828-8528 (fax)

ALTSHULER, BERZON, NUSSBAUM,
RUBIN & DEMAIN
MICHAEL RUBIN
SCOTT A. KRONLAND
EILEEN B. GOLDSMITH
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: 415/421-7151
415/362-8064 (fax)

TRABER & VOORHEES
THERESA M. TRABER
VANESSA H. EISEMANN
128 No. Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: 626/585-9611
626/577-7079 (fax)

Attorneys for Petitioners

S:\CasesSD\Cintas\MOT00029487.doc

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2. That on March 30, 2006, declarant served THE *VELIZ* PLAINTIFFS' MOTION TO TRANSFER AND CONSOLIDATE ACTIONS PURSUANT TO 28 U.S.C. §1407 by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. Pursuant to Rule 5.12 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, copies will be filed in each district court in which an action is pending that will be affected by this motion.

4. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of March, 2006, at San Diego, California.

CINDI J. LAMBERT

Counsel for Defendants

Theodore J. Pintar
Steven W. Pepich
James A. Caputo
Lawrence A. Abel
Helen I. Zeldes
**Lerach Coughlin Stoia Geller Rudman & Robbins LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: 619/231-1058
Fax: 619/231-7423

Albert H. Meyerhoff
**Lerach Coughlin Stoia Geller Rudman & Robbins LLP**
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Tel: 310/859-3100
Fax: 310/278-2148

Nancy M. Juda
**Lerach Coughlin Stoia Geller Rudman & Robbins LLP**
1100 Connecticut Avenue, N.W.
Suite 730
Washington, DC 20036
Tel: 202/822-6762
Fax: 202/828-8528

Michael Rubin
Scott A. Kronland
Eileen B. Goldsmith
**Altshuler, Berzon, Nussbaum, Rubin & Demain**
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: 415/421-7151
Fax: 415/362-8064

Theresa M. Traber
Vanessa H. Eisemann
**Traber & Voorhees**
128 No. Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Tel: 626/585-9611
Fax: 626/577-7079

Counsel for Plaintiff Cintas Corporation

T. Joshua Archer
**Balch & Bingham LLP**
3535 Piedmont Road
14 Piedmont Center, Suite 1100
Atlanta, GA 30305
Tel: 404/261-6020

Brentley Tyler Cobb
Douglas Brian Kauffman
M. Jefferson Starling, III
**Balch & Bingham**
1710 6th Avenue North
PO Box 306
Birmingham, AL 35201-0306
Tel: 205/251-8100
Fax: 205/266-8798

James H. Elliott
**Barnwell Whaley Patterson and Helms**
885 Island Park Drive
Charleston, SC 29492-0197
Tel: 843/577-7700
Fax: 843/577-7708

Daniel W Glavin
Randall J Nye
rnye@bkslegal.com
**Beckman Kelly & Smith**
5920 Hohman Avenue
Hammond, IN 46320-2423
Tel: 219/933-6200
Fax: 219/933-6201

Dmitry Shifrin
Steven Russell Smith
William J. Wortel
**Bryan Cave LLP**
161 North Clark Street
Suite 4300
Chicago, IL 60601
Tel: 312/602-5060
Fax: 312/602-5050

Elaine D. Koch
James D. Lawrence
**Bryan Cave LLP**
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64105-2100
Tel: 816/374-3200 x3235
Fax: 816-374-3300

Charles B. Jellinek
**Bryan Cave LLP**
211 N. Broadway
Suite 3600
St. Louis, MO 63102-2750
Tel: 314/259-2000
Fax: 314/259-2020

Kevin Richard Tully
Howard Carter Marshall
Terry Christovich Gay
**Christovich & Kearney, LLP**
Pan American Life Center
601 Poydras St., Suite 2300
New Orleans, LA 70130-6078
Tel: 504/561-5700
Fax: 504/561-5743

Todd D. Kilpatrick
**Coughlin, Gerhart Law Firm**
P.O. Box 2039
20 Hawley Street
Binghamton, NY 13902-2039
Tel: 607/723-9511
Fax: 607/723-1530

Thomas D. Goldberg
**Day, Berry & Howard**
One Canterbury Green
Stamford, CT 06901-2047
Tel: 203/977-7383
Fax: 203/977-7301

C. Timothy Hopkins
Steven K. Brown
**Hopkins Roden Crockett Hansen & Hoopes**
P.O. Box 51219
Idaho Falls, ID 83405-1219
Tel: 208/523-4445
Fax: 203/523-4474

Beth L Steffan
Timothy D Kelly
**Kelly & Berens, PA**
80 S 8th St Ste 3720
Minneapolis, MN 55402
Tel: 612/349-6171
Fax: 612/349-6416

Stephen E Kravit
Sarah J Friday
John F Hovel
**Kravit Hovel Krawczyk & Leverson SC**
825 N Jefferson St - 5th Fl
Milwaukee, WI 53202
Tel: 414/271-7100
Fax: 414/271-8135

Matthew M. Enenbach
Robert M. Slovek
**Kutak, Rock Law Firm**
1650 Farnam Street
Omaha, NE 68102-2186
Tel: 402/346-6000
Fax: 402/346-1148

Thomas Finarelli
Wayne A. Graver
**Lavin, O'Neil, Ricci, Cedrone & DiSipio**
190 N. Independence Mall West, Suite 500
Philadelphia, PA 19106
Tel: 215/627-0303
Fax: 215/627-2551

Wayne John Positan
**Lum, Danzis, Drasco & Positan, LLC**
103 Eisenhower Parkway
Roseland, NJ 07068-1049
Tel: 973/403-9000
Fax: 973/403-9021

Hugh Peterson, III
**McNatt, Greene & Peterson**
P.O. Drawer 1168
Vidalia, GA 30475-1168
Tel: 912/537-9343
Fax: 912/537-2658

Jason A. Cincilla
**Morris, Nichols, Arsht & Tunnell**
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel: 302/658-9200
Fax: 302/658-3989

Jay Eaton
**Nyemaster Goode Voigts West Hansell & O'Brien, PC**
700 Walnut
Suite 1600
Des Moines, IA 50309
Tel: 515/283-3100
Fax: 515/283-3108

Norman H. Kirshman
Robert L Rosenthal
**Parsons Behle & Latimer**
411 E. Bonneville
Suite 300
Las Vegas, NV 89101
Tel: 702/384-3877
Fax: 702/599-6023

Damon J. Georgelas
Erik A. Christiansen
**Parsons Behle & Latimer**
201 S. Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, UT 84145-0898
Tel: 801/532-1234
Fax: 801/536-6111

Douglas M. Todd
Thomas G. Wolfe
**Phillips McFall McCaffrey McVay & Murrah, PC**
One Leadership Square
211 N. Robinson
Twelfth Floor
Oklahoma City, OK 73102
Tel: 405/235-4100
Fax: 405/235-4133

Robert M Howie
Skylar A Sherwood
**Riddell Williams PS**
1001 Fourth Avenue
Suite 4500
Seattle, WA 98154
Tel: 206/624-3600
Fax: 206/389-1708

Amanda T. Gamblin
David W. Axelrod
**Schwabe, Williamson & Wyatt PC**
1600-1900 Pacwest Center
1211 S.W. Fifth Avenue
Portland, Or 97204
Tel: 503/796-2903
Fax: 503/796-2900

Pierre H. Bergeron
**Squire, Sanders & Dempsey**
312 Walnut Street
Suite 3500
Cincinnati, OH 45202-4036
Tel: 513/361-1289
Fax: 513/361-1201

Steven Bradley Harris
Mark S Armstrong
**Squire Sanders & Dempsey**
600 Travis
6250 Chase Tower
Houston, TX 77002
Tel: 713/546-5850
Fax: 713/546-5830

Jeffrey E. Storch
**Squire Sanders & Dempsey LLP**
350 Park Avenue
New York, NY 10022-6022
Tel: 212/872-9800
Fax: 212/872-9815

Paul W. Chaiken
Phillip D. Buckley
**Rudman & Winchell**
84 Harlow Street
P.O. Box 1401
Bangor, ME 04401
Tel: 207/947-4501
Fax: 207/941-9715

James K. Dorsett, III
Michael R. Gordon
**Smith Anderson Blount Dorsett Mitchell & Jernigan**
P.O. Box 2611
Raleigh, NC 27602-2611
Tel: 919/821-1220
Fax: 919/821-6800

James Dean Thomas
Philip Oliss
Stacy D. Ballin
**Squire Sanders & Dempsey LLP**
4900 Key Tower
127 Public Sq.
Cleveland, OH 44114
Tel: 216/479-8500
Fax: 216/479-8780

Carlotta Justine Roos
**Squire, Sanders & Dempsey LLP**
Wachovia Financial Center
200 S. Biscayne Blvd., Suite 4000
Miami, FL 33131-2398
Tel: 305/577-7000
Fax: 305/577-7001

Joseph A. Meckes
Mark C. Dosker
Michael W. Kelly
Sara Kathryn Regan
Rodney R. Patula
**Squire Sanders & Dempsey**
1 Martime Plaza, Suite 300
San Francisco, CA 94111-3492
Tel: 415/954-0200
Fax: 415/393-9887

John Anson Burlingame
**Squire Sanders and Dempsey LLP**
1201 Pennsylvania Ave NW Ste 500
PO Box 407
Washington, DC 20004-0407
Tel: 202/626-6600
Fax: 202/626-6780

Dudley Collier Graham, Jr.
Jeremy L. Birdsall
**Wise, Carter, Child & Caraway**
P. O. Box 651
Jackson, MS 39205-0651
Tel: 601/968-5500
Fax: 601/968-5593

Thomas W. Lyons, III
**Strauss, Factor, Laing & Lyons**
222 Richmond Street
Suite 208
Providence, RI 02903-2914
Tel: 401/456-0700
Fax: 401/421-4730

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re CINTAS CORPORATION ARBITRATION LITIGATION ) MDL No. ______

CA 06-1125

**BRIEF OF THE *VELIZ* PLAINTIFFS IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATE ACTIONS PURSUANT TO 28 U.S.C. §1407**

## I. INTRODUCTION

This MDL Petition is submitted by 2,400 individual plaintiffs who filed or subsequently joined a class and collective action in the U.S. District Court for the Northern District of California against their employer, Cintas Corporation ("Cintas"), alleging failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA") and various state laws, overtime and further alleging violations of ERISA. *Paul Veliz, et al. v. Cintas Corporation*, No. 03-1180 SBA (the "*Veliz* Action"). Many of those plaintiffs (the "*Veliz* Plaintiffs") have now been individually served with Petitions to Compel Arbitration, filed by Cintas in at least 70 separate federal courts on or about March 10, 2006. The Petition filings come ***after*** Judge Saundra Brown Armstrong, the assigned judge in the *Veliz* Action, issued her rulings concerning the enforceability of the parties' arbitration agreements, and ***after*** arbitration had been initiated before the American Arbitration Association ("AAA"), an arbitrator jointly selected with Cintas, and a "clause construction" motion had been filed with the arbitrator. The "clause construction" motion specifically addresses whether the parties' arbitration agreements permit all arbitrating plaintiffs to pursue their class and collective overtime claims against Cintas in a ***single*** arbitration proceeding governed by the AAA's Supplementary Rules on Class Arbitration.

Plaintiffs, through this Petition, seek consolidation of all 70 lawsuits, which raise identical issues and concern identical parties, and the transfer of those lawsuits to Judge Armstrong in the Northern District of California, who is fully familiar with the arbitration issues and who is already handling all *Veliz* Plaintiffs' ERISA claims, and some of their overtime claims.

Under 28 U.S.C. §1407, the Judicial Panel on Multidistrict Litigation may consolidate or coordinate multiple civil actions pending in different district courts when the actions involve one or more common questions of fact, and when such transfer will conserve judicial and party resources, promote the convenience of parties and witnesses, and promote the just and efficient conduct of the

actions. These standards are amply satisfied here, where one party, Cintas, has recently filed identical actions in 70 district courts around the country to compel approximately 1,850 of its current and former employees, who are all *Veliz* Plaintiffs, to arbitrate their FLSA and state-law overtime claims against the company – the very ***same*** claims that those ***same*** individuals have already asserted in the Northern District of California litigation against Cintas that has been pending for the past three years, and the ***same*** claims that those 1,850 *Veliz* Plaintiffs have already submitted to arbitration.

Not only does Cintas assert identical allegations in each of the arbitration actions, but the *Veliz* Plaintiffs intend to assert identical defenses in each of those actions and file identical motions to dismiss, strike, stay or abate those 70 actions. To prepare 70 sets of pleadings in those 70 proceedings and retain 70 sets of local counsel, rather than presenting those arguments once in one consolidated proceeding, the *Veliz* Plaintiffs will be forced to incur enormous, unnecessary and wasteful expense, and run the risk of inconsistent adjudication of identical issues. If this litigation expands exponentially, as Cintas seemingly intends, the risk of inconsistent rulings will be magnified and the efficient management of the *Veliz* action will be destroyed.

There is no sensible reason to burden the parties and 70 district courts with identical proceedings that not only are legally baseless, but also are completely intertwined with and controlled by the Northern District of California in the *Veliz* Action. Thus, the *Veliz* Plaintiffs respectfully ask the Panel to consolidate Cintas' newly-filed cases, and any similar actions yet to be filed, with each other and with the *Veliz* Action. The *Veliz* Plaintiffs further ask the Panel to assign the consolidated MDL action to the Hon. Saundra Brown Armstrong, the district judge in the *Veliz* action who has been presiding over the litigation between Cintas and all of the *Veliz* Plaintiffs since March 13, 2003.

## II. BACKGROUND

Plaintiffs in the *Veliz* Action are the 2,400 individuals who filed Consents to Sue under Section 16(b) of the FLSA, 29 U.S.C. §216(b), and thereby joined the *Veliz* Action as individual party plaintiffs. The *Veliz* Plaintiffs allege, on a "collective action" basis, that Cintas violated the FLSA by failing to pay them overtime. The *Veliz* Plaintiffs also allege, on a "class action" basis, that Cintas violated applicable states' overtime laws and further allege, again on a class basis, that Cintas violated their rights under ERISA.

On August 8, 2003, Cintas moved before Judge Armstrong to compel arbitration of the FLSA and state overtime claims of the original 65 *Veliz* Plaintiffs, under employment agreements that included a mandatory predispute arbitration clause. Cintas did not seek to compel any plaintiff to arbitrate his or her ERISA claims, but agreed that plaintiffs' ERISA claims should remain before Judge Armstrong because those claims were beyond the scope of Cintas' arbitration agreements.

On April 5, 2004, the *Veliz* court ordered 55 of the original 65 *Veliz* Plaintiffs to arbitrate their overtime claims. On May 4, 2005, ruling on plaintiffs' motion for reconsideration, the *Veliz* court held that, under the venue provision of §4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §4, the arbitration of those 55 plaintiffs' overtime claims must take place within the Northern District of California.

On May 4, 2004, the original 55 *Veliz* Plaintiffs who were compelled to arbitrate under the *Veliz* court's April 5, 2004 Order initiated a class/collective arbitration of their overtime claims before the American Arbitration Association ("AAA"), under its Supplementary Rules for Class Arbitration. *See* Arbitration Demand, AAA Case No. 11 160 01323 04. Attached as Exhibit 12 to the Declaration of Michael Rubin in Support of the *Veliz* Plaintiffs' Motion to Transfer and Consolidate Actions Pursuant to 28 U.S.C. §1407 ("Rubin Decl."). In their arbitration demand, plaintiffs stated that they were proceeding on their own behalf and on behalf of all similarly situated

Cintas employees who were, or would be, required to arbitrate those claims pursuant to Judge Armstrong's analysis of the Cintas arbitration agreements. In the summer of 2004, plaintiffs and Cintas jointly selected the Hon. Bruce Meyerson, a retired judge of the Arizona Court of Appeals, as the arbitrator.

In July 2004 and September 2005, the *Veliz* Arbitration claimants filed two supplements to their demand for arbitration, identifying the names of additional opt-in plaintiffs whom the parties agreed, under the *Veliz* court's rulings, were required to arbitrate those claims. On March 29, 2006, after Judge Armstrong on February 14, 2006 stayed litigation against the subsequent groups of opt-in plaintiffs whom Cintas asserted were required to arbitrate their FLSA claims, the claimants in the AAA arbitration submitted to Arbitrator Meyerson a final list of the names of all *Veliz* Plaintiffs whose overtime claims Judge Armstrong had deemed arbitrable.

Under the AAA's Supplementary Rules for Class Arbitration, which apply to the AAA proceedings before Arbitrator Meyerson, the first stage of the arbitration is "clause construction." At that stage, the arbitrator must determine, "as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class." AAA Supplementary Rules for Class Arbitration, Rule 3. The rules authorize any party to move a court to confirm or vacate this partial final award.[1]

On February 9, 2006, the *Veliz* Arbitration claimants initiated the clause construction phase of the arbitration, on their own behalf and on behalf of all similarly situated current and former

---

1 The AAA Supplementary Rules for Class Arbitration provide for the arbitration to proceed in three phases: (1) clause construction; (2) class certification; and (3) adjudication of the merits. After the first and second phases, any party may seek to confirm or vacate the arbitrator's partial final award. After arbitration is completed on the merits, any party could, of course, petition a court to confirm or vacate the final arbitration award.

Cintas employees, by filing a motion and a brief setting forth the reasons why the Cintas arbitration agreements permit the arbitration to proceed in one forum on a class and collective basis. In their clause construction brief, the *Veliz* Arbitration claimants demonstrated why all *Veliz* Plaintiffs with arbitrable overtime claims are lawfully and contractually entitled to participate in the *Veliz* Arbitration. *See* Rubin Decl., Ex. 14.

On March 1, 2006 counsel for the parties participated in a teleconference with Arbitrator Meyerson to discuss an appropriate briefing and hearing schedule with respect to claimants' February 9, 2006 clause construction motion. Cintas asked to have until April 7, 2006, to file its opposition to the *Veliz* Arbitration claimants' clause construction brief and to submit any other motion Cintas might file. Arbitrator Meyerson granted Cintas' request and set a hearing date of May 9, 2006 on the clause construction issue.

On or about March 10, 2006 – more than a month ***after*** claimants filed their clause construction motion – Cintas filed at least 70 separate Petitions to Compel Arbitration in district courts around the United States (the "Arbitration Actions"). These actions seek to compel arbitration, under FAA §4, of the individual *Veliz* Plaintiffs' FLSA and state-law overtime claims even though arbitration of their claims is ***already underway*** before Arbitrator Meyerson.

Each of the 70 Arbitration Actions is essentially identical. Cintas' principal argument, presented in identical language in each petition, is that the arbitration agreement language that Judge Armstrong previously construed, and that is presently under Arbitrator Meyerson's consideration through the clause construction phase of the pending AAA arbitration, requires the *Veliz* Plaintiffs to arbitrate their claims in separate arbitrations around the country, notwithstanding they have already submitted their claims to Arbitrator Meyerson. Each of the Arbitration Actions rests on the identical legal argument and the identical construction of the Cintas arbitration agreements, and each further rests upon findings and rulings previously made by Judge Armstrong in *Veliz*. The only difference

between the 70 Arbitration Actions is that each one names different *Veliz* Plaintiffs as Arbitration Action defendants, depending on those plaintiffs' last place of employment with Cintas.

Because Cintas did not seek to compel arbitration of any of the *Veliz* Plaintiffs' ERISA claims, the ERISA claims of each of the Arbitration Action defendants remain pending before Judge Armstrong in *Veliz*. The outcome of those claims depends on the merits of the plaintiffs' FLSA and state-law overtime claims, and cannot be decided by the *Veliz* court until the adjudication of the overtime claims in the *Veliz* action and in the *Veliz* Arbitration is completed, and until after any petition to confirm or vacate the award in the *Veliz* Arbitration is adjudicated.[2]

On or about March 23, 2006, Cintas began to serve the complaints in the Arbitration Actions, by personal service and by mail, apparently on each of the nearly 1,850 defendants in those actions. Cintas has refused to provide the *Veliz* Plaintiffs' counsel with courtesy copies of the papers it filed in the Arbitration Actions, or to identify either the district courts in which those actions were filed or the individuals named as defendants.

## III. ARGUMENT

### A. The Actions Involve Identical Parties.

The fact that the parties in all 71 district court actions are identical, in that each of the individual defendants in Cintas' most recent lawsuits is also a plaintiff in the 2003 *Veliz* Action and Cintas is the defendant in *Veliz*, strongly favors consolidating these actions. *See, e.g., In re Ownership of Longoria Bank Deposits Litig.*, 431 F. Supp. 913, 916 (J.P.M.L. 1977).

---

2 The *Veliz* court also retains jurisdiction over the overtime claims of 483 *Veliz* Plaintiffs who are not required to arbitrate at all.

### B. The Actions Involve Common Questions of Fact and Law and are Closely Intertwined.

Consolidation or coordination of these actions is also particularly appropriate because the actions involve common issues of fact and law. *See, e.g., In re Air West, Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1979) ("when two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events, common questions are presumed").

The Arbitration Actions involve identical allegations by Cintas against the defendants, who are plaintiffs in the *Veliz* Action and claimants in the *Veliz* Arbitration. In each of the Arbitration Actions, Cintas makes the same allegation that the employees are violating their arbitration agreements with Cintas by arbitrating collectively before Arbitrator Meyerson in San Francisco; and Cintas seeks in each action to require those employees to arbitrate their FLSA and state-law overtime claims – the claims those same persons assert against Cintas in the *Veliz* Action and *Veliz* Arbitration – in the judicial district in which each Arbitration Action has been filed. Thus, each of the 70 Arbitration Actions will require a district court to construe the identical contract language in the Cintas arbitration clauses to determine whether the defendants before that court are refusing to arbitrate within the meaning of FAA §4. Coordination or consolidation of these actions is thus necessary to prevent inconsistent interpretations of these standardized contracts. *See, e.g., In re PrimeVision Health, Inc., Contract Litig.*, 206 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002); *In re Shell Oil Prods. Co. Dealer Franchise Litig.*, 206 F. Supp. 2d 1373, 1374 (J.P.M.L. 2002).

In addition to construing the Cintas arbitration agreements, the district courts where the Arbitration Actions have been filed will also be required to address identical factual and legal arguments asserted in defense of Cintas' allegations. If compelled to litigate the Arbitration Actions in dozens of district courts around the country, the Arbitration Action defendants will move to dismiss, strike, stay, or abate those actions in favor of the ongoing *Veliz* Arbitration, and may bring

other pretrial motions as appropriate. Those motions will present identical questions of fact and law regarding, *inter alia*, the proper interpretation of FAA §4 as applied to the history of the Arbitration Actions, the proceedings in the *Veliz* Action, and the ongoing *Veliz* Arbitration. None of these questions of fact or law turns on any Arbitration Action defendant's individual circumstances, but rather will be decided based on the language in Cintas' standardized arbitration agreements and the history of the *Veliz* proceedings and the pending AAA arbitration. Thus, consolidating or coordinating the Arbitration Actions with the *Veliz* Action would prevent inconsistent rulings on these issues. *See, e.g., In re Mut. Fund Sales Antitrust Litig.*, 361 F. Supp. 638, 640 (J.P.M.L. 1973) (existence of common threshold legal questions favors consolidation of actions). Indeed, it would be an astonishing and unprecedented waste of judicial and party resources to force dozens of district courts to adjudicate these identical issues.

Finally, the Arbitration Actions are closely intertwined with the *Veliz* Action. The *Veliz* court has already analyzed the very arbitration agreements that are at issue in the Arbitration Actions and has issued several orders regarding those agreements. Indeed, Cintas seeks to rely on many of the *Veliz* court's rulings regarding those agreements in the Arbitration Actions, apparently for res judicata, collateral estoppel, or law of the case purposes against the Arbitration Defendants/*Veliz* Plaintiffs.[3]

### C. Consolidation or Coordination of the Actions will Promote the Conservation of the Parties' and the Judicial System's Resources and Just Resolution of the Actions.

All of the Arbitration Actions should also be consolidated with the *Veliz* Action to prevent this nationwide, highly complicated litigation from fragmenting into dozens of incredibly expensive,

---

[3] The fact that the *Veliz* Action involves additional legal and factual issues concerning the merits of plaintiffs' overtime and ERISA claims is no obstacle to consolidating that action with the Arbitration Actions. *See In re Data General Corp. Antitrust Litig.*, 470 F. Supp. 855, 858-59 (J.P.M.L. 1979) (consolidating several antitrust actions with trade secrets action).

duplicative proceedings with potentially conflicting results – in a word, chaos. Without this Panel's intervention, the 70 Arbitration Actions would proceed on separate tracks, all of which would involve decisions on identical matters – which are not likely to be resolved consistently in so many courts – and all of which would eventually return to the *Veliz* court's doorstep, at different times.

To litigate the Arbitration Actions, the *Veliz* Plaintiffs will have to retain dozens of local counsel and incur substantial costs in filing identical papers in dozens of district courts. The court system similarly will incur substantial expense in adjudicating these identical actions.

Meanwhile, because each of the Arbitration Actions will move forward on separate tracks unless they are coordinated or consolidated, the timing and efficient management of the *Veliz* action will be thrown into utter turmoil. The *Veliz* court has retained jurisdiction over all of the opt-in plaintiffs' ERISA claims, and therefore over all of the Arbitration Action defendants' ERISA claims. Based on the *Veliz* court's orders, and the parties' agreements in light of those orders, approximately 1,850 of the *Veliz* opt-in plaintiffs must arbitrate their FLSA and state-law overtime claims against Cintas. Upon completion of that arbitration (or arbitrations), all parties will return to the *Veliz* court for the adjudication of the ERISA claims.

In *Veliz*, the parties will undoubtedly return to the court for petitions to confirm or vacate the interim and final awards in the *Veliz* Arbitration. The *Veliz* Plaintiffs who must arbitrate their overtime claims – which group includes all of the Arbitration Action defendants – have already submitted those claims to Arbitrator Meyerson. Under the AAA's Supplementary Rules for Class Arbitration, parties may move the court twice to confirm or vacate interim awards, first after the arbitrator determines whether the arbitration clauses at issue permit class or collective arbitration, and again after the arbitrator determines whether to certify a class. Any party could also move to confirm or vacate Arbitrator Meyerson's final award on the merits. Thus, if Arbitrator Meyerson

permits the *Veliz* Plaintiffs' claims to proceed collectively in arbitration, the *Veliz* court may hear as many as three petitions to confirm or vacate his awards, before it reaches the ERISA claims.

If the Arbitration Actions are not consolidated or coordinated with *Veliz*, each of the 70 or more district courts might each eventually hear as many as three petitions to confirm or vacate interim and final arbitration awards on the *Veliz* Plaintiffs' overtime claims – all based on the same arbitration agreements and a single, nationwide misclassification policy by Cintas – as the Arbitration Action defendants proceed with their claims in separate arbitrations all over the country. It is highly unlikely that all of these separate proceedings would conclude at the same time or reach the same results. In the *Veliz* Action, Judge Armstrong would have to wait for all of these other proceedings to run their course before adjudicating the ERISA claims of the Arbitration Action defendants, which remain before her.

In short, if the actions are not consolidated or coordinated, the costs to the parties and the court system of litigating 70 different actions would be extraordinary, a factor that weighs heavily in favor of transfer and consolidation and/or coordination of the actions under §1407. *See In re Diet Drugs Prods. Liability Litig.*, 990 F. Supp. 834, 836 (J.P.M.L. 1998) (emphasizing economies of scale and conservation of resources in approving transfer petition potentially involving scores of cases). The exponential multiplication of proceedings would heighten the risk of inconsistent rulings on common issues. Perhaps most significantly, the timing and efficient management of this litigation would be destroyed. Therefore, the interests of justice would best be served by consolidating and/or coordinating all 70 cases.

### D. The Transfer of All Actions Would Promote the Convenience of Parties and Witnesses

The goals of convenience of parties and witnesses are best served by consolidating these actions. The defendants in the Arbitration Actions are all opt-in plaintiffs in the *Veliz* Action. As opt-in plaintiffs in an FLSA action under 29 U.S.C. §216(b), each of these individuals chose to

participate in the *Veliz* Action venued in the Northern District of California. Those individuals joined the *Veliz* Action in response to a court-ordered and court-approved *Hoffman-LaRoche* notice, which informed them of their right to participate in the Northern District of California action, as well as their right to litigate their FLSA claims independently of that action, for example, in their home district court, if they so chose. The court ordered notice also informed the *Veliz* Plaintiffs that the Court would later determine whether their non-ERISA overtime claims would proceed in arbitration rather than in litigation. By affirmatively joining the *Veliz* Action in reliance on those disclosures, the defendants in the Arbitration Actions demonstrated their preference to litigate in a single, collective litigation or arbitration venued in the Northern District of California, rather than in separate actions.

Nor would Cintas be inconvenienced by litigating in a consolidated action. Cintas has been litigating the *Veliz* Action in the Northern District of California, and will continue to litigate that case there regardless of whether the Arbitration Actions proceed separately or are transferred pursuant to §1407. Moreover, according to the PACER docket reports for the Arbitration Actions, Cintas' San Francisco lawyers in the *Veliz* Action from Squire, Sanders, and Dempsey, are also named as Cintas' counsel of record in nearly all of those cases. *See* Schedule of Involved Actions, Rubin Decl., Ex. 7. In short, Cintas' litigation strategy is being steered by its San Francisco lawyers in *Veliz*, and it would be no inconvenience to them to transfer the Arbitration Actions, especially if they were transferred to the Northern District of California.[4]

---

4 There is no question that the convenience of Cintas' witnesses is worthy of consideration. According to PACER, and the one petition Cintas has provided to the *Veliz* Plaintiffs, Cintas is supporting the Arbitration Actions not with testimony of local witnesses in each of the 71 forums, but solely with the declarations of an employee at its Cincinnati headquarters who maintains Cintas employees' arbitration agreements, and its lead counsel in the *Veliz* Action, who is based in San Francisco. Moreover, the Panel recognizes that parties and witnesses rarely attend pretrial

**E. The Northern District of California is the Most Appropriate Transferee Forum.**

Because of the advanced stage of the *Veliz* Action and the *Veliz* court's extraordinary familiarity with the Cintas arbitration agreements at issue both in that action and in each of the Arbitration Actions, all of the cases should be transferred to the *Veliz* court. Judge Armstrong's familiarity with the issues raised by the cases to be transferred and the advanced stage of the proceedings before her are important considerations in selecting the appropriate transferee court. *See, e.g., Shell Oil*, 206 F. Supp. 2d at 1374 (transferee court's familiarity with issues); *Air West*, 384 F. Supp. at 611 (same); *In re Cisco Sys. Sec. & Deriv. Litig.*, 268 F. Supp. 2d 1378, 1379 (J.P.M.L. 2003) (transferee court handled one of the actions for two years); *In re Progressive Corp., Ins. Underwriting & Rating Practices Litig.*, 259 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003) (same).

The *Veliz* Action has been pending before Judge Armstrong for three years, since March 2003. Over the past three years, Judge Armstrong has invested substantial time and resources in examining the Cintas arbitration agreements at issue in the Arbitration Actions. Cintas originally moved to compel arbitration of the FLSA and state-law claims of all the plaintiffs who had by then joined the *Veliz* Action, based on those very agreements, in August 2003. In addition to ruling on the original motion to compel arbitration, Judge Armstrong has had several additional opportunities to examine the Cintas agreements. Plaintiffs moved for reconsideration of the Court's order granting Cintas' original motion to compel arbitration, requiring Judge Armstrong to further analyze the arbitration agreements. After the opt-in period had closed, the parties could not agree whether the overtime claims of certain groups of plaintiffs were arbitrable under the reasoning of the Court's

---

conferences or hearings. *In re Hawaiian Hotels Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936-37 (J.P.M.L. 1977).

prior orders. The parties filed cross-motions in June 2005 regarding those arbitrability disputes, and the *Veliz* court ruled that the claims at issue were arbitrable.

In contrast to the *Veliz* court's extensive familiarity with the Cintas arbitration agreements, the 70 district courts in which the Arbitration Actions were just filed have no such familiarity. Those actions were filed on or about March 10, 2006. To the *Veliz* Plaintiffs' knowledge, Cintas only began to serve those actions on the individual defendants on or about March 23, 2006. The Arbitration Actions' publicly available dockets do not reflect any substantial activity in those cases. *See* Schedule of Involved Actions, Rubin Decl., Ex. 7. Thus, none of those 70 courts has any particular familiarity with the Cintas arbitration agreements, nor has any of those courts made a substantial investment of time or resources in any of the Arbitration Actions, unlike the *Veliz* court.

Finally, the Northern District of California is the center of gravity of this litigation. As explained above, the Northern District of California is the preferred district of all of the Arbitration Action defendants, each of whom affirmatively joined the *Veliz* Action. Also, because the *Veliz* Court retains jurisdiction over each of those individuals' ERISA claims, each Arbitration Action defendant will eventually return to that Court for adjudication of his or her ERISA claims, regardless of where his or her overtime claims are arbitrated. Cintas, as the defendant in the *Veliz* Action, is already litigating in the Northern District of California, and will continue to do so for the pendency of that action, both with respect to the FLSA claims of those opt-in plaintiffs who remain before the *Veliz* court, and with respect to the ERISA claims of each of the Arbitration Action defendants.

Because the *Veliz* court has already invested extraordinary time and resources in the *Veliz* Action, including in the analysis of the very arbitration agreements at issue in all of the Arbitration Actions; the district courts in which the Arbitration Actions were filed have not taken any action in those cases; and all parties to all of the Arbitration Actions will eventually return to the *Veliz* court

for the adjudication of the ERISA claims, the Northern District of California, where the *Veliz* Action is venued, and the *Veliz* court in particular, is the most appropriate transferee court for this litigation.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs in the *Veliz* Action respectfully ask the Judicial Panel on Multidistrict Litigation to consolidate or coordinate all of the Arbitration Actions with the *Veliz* Action, and to transfer all cases to the District Court for the Northern District of California, Hon. Saundra Brown Armstrong, or to another district court with the experience to manage the complex litigation presented here.

DATED: March 30, 2006

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
THEODORE J. PINTAR
STEVEN W. PEPICH
JAMES A. CAPUTO
LAWRENCE A. ABEL
HELEN I. ZELDES

STEVEN W. PEPICH

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ALBERT H. MEYERHOFF
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
NANCY M. JUDA
1100 Connecticut Avenue, N.W., Suite 730
Washington, DC 20036
Telephone: 202/822-6762
202/828-8528 (fax)

ALTSHULER, BERZON, NUSSBAUM,
RUBIN & DEMAIN
MICHAEL RUBIN
SCOTT A. KRONLAND
EILEEN B. GOLDSMITH
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: 415/421-7151
415/362-8064 (fax)

TRABER & VOORHEES
THERESA M. TRABER
VANESSA H. EISEMANN
128 No. Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: 626/585-9611
626/577-7079 (fax)

Attorneys for Plaintiff

S:\CasesSD\Cintas\BRF00029490.doc

DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2. That on March 30, 2006, declarant served the BRIEF OF THE *VELIZ* PLAINTIFFS IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATE ACTIONS PURSUANT TO 28 U.S.C. §1407 by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. Pursuant to Rule 5.12 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, copies will be filed in each district court in which an action is pending that will be affected by this motion.

4. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of March, 2006, at San Diego, California.

CINDI J. LAMBERT

Cintas MDL (MDL No. ____)
Service List – 3/30/2006
Page 1 of 1

Counsel for Defendants

Theodore J. Pintar
Steven W. Pepich
James A. Caputo
Lawrence A. Abel
Helen I. Zeldes
**Lerach Coughlin Stoia Geller Rudman & Robbins LLP**
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: 619/231-1058
Fax: 619/231-7423

Albert H. Meyerhoff
**Lerach Coughlin Stoia Geller Rudman & Robbins LLP**
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Tel: 310/859-3100
Fax: 310/278-2148

Nancy M. Juda
**Lerach Coughlin Stoia Geller Rudman & Robbins LLP**
1100 Connecticut Avenue, N.W.
Suite 730
Washington, DC 20036
Tel: 202/822-6762
Fax: 202/828-8528

Michael Rubin
Scott A. Kronland
Eileen Goldsmith
**Altshuler, Berzon, Nussbaum, Rubin & Demain**
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: 415/421-7151
415/362-8064 (fax)

Theresa M. Traber
Vanessa H. Eisemann
Jocelyn S. Sperling
**Traber & Voorhees**
128 No. Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Tel: 626/585-9611
Fax: 626/577-7079

Counsel for Plaintiff Cintas Corporation

T. Joshua Archer
**Balch & Bingham LLP**
3535 Piedmont Road
14 Piedmont Center, Suite 1100
Atlanta, GA 30305
Tel: 404/261-6020

Brentley Tyler Cobb
Douglas Brian Kauffman
M. Jefferson Starling, III
**Balch & Bingham**
1710 6th Avenue North
PO Box 306
Birmingham, AL 35201-0306
205-251-8100
Fax: 266-8798

James H. Elliott
**Barnwell Whaley Patterson and Helms**
885 Island Park Drive
Charleston, SC 29492-0197
Tel: 843/577-7700
Fax: 843/577-7708

Daniel W Glavin
Randall J Nye
rnye@bkslegal.com
**Beckman Kelly & Smith**
5920 Hohman Avenue
Hammond, IN 46320-2423
Tel: 219/933-6200
Fax: 219/933-6201

Dmitry Shifrin
Steven Russell Smith
William J. Wortel
**Bryan Cave LLP**
161 North Clark Street
Suite 4300
Chicago, IL 60601
312-602-5060

Elaine D. Koch
James D. Lawrence
**Bryan Cave LLP**
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64105-2100
816-374-3200 x3235
Fax: 816-374-3300

Charles B. Jellinek
**Bryan Cave LLP**
211 N. Broadway
Suite 3600
St. Louis, MO 63102-2750
314-259-2000
Fax: 314-259-2020

Kevin Richard Tully
Howard Carter Marshall
Terry Christovich Gay
**Christovich & Kearney, LLP**
Pan American Life Center
601 Poydras St.
Suite 2300
New Orleans, LA 70130-6078
(504) 561-5700

Todd D. Kilpatrick
**Coughlin, Gerhart Law Firm**
P.O. Box 2039
20 Hawley Street
Binghamton, NY 13902-2039
607-723-9511
Fax: 607-723-1530

Thomas D. Goldberg
**Day, Berry & Howard**
One Canterbury Green
Stamford, CT 06901-2047
Tel: 203/977-7383
Fax: 203/977-7301

Rodney R. Patula
**Graham & James**
One Maritime Plaza, 3rd Floor
San Francisco, CA 94111
Tel: 415/954-0200

C. Timothy Hopkins
Steven K. Brown
**Hopkins Roden Crockett Hansen & Hoopes**
P.O. Box 51219
Idaho Falls, ID 83405-1219
Tel: 208/523-4445
Fax: 203/523-4474

Beth L Steffan
Timothy D Kelly
**Kelly & Berens, PA**
80 S 8th St Ste 3720
Minneapolis, MN 55402
612-349-6171
Fax: 612-349-6416

Stephen E Kravit
Sarah J Friday
John F Hovel
**Kravit Hovel Krawczyk & Leverson SC**
825 N Jefferson St - 5th Fl
Milwaukee, WI 53202
414-271-7100
Fax: 414-271-8135

Matthew M. Enenbach
Robert M. Slovek
**Kutak, Rock Law Firm**
1650 Farnam Street
Omaha, NE 68102-2186
(402) 346-6000
Fax: (402) 346-1148

Thomas Finarelli
Wayne A. Graver
**Lavin, O'Neil, Ricci, Cedrone & DiSipio**
190 N. Independence Mall West, Suite 500
Philadelphia, PA 19106
Tel: 215/627-0303
Fax: 215/627-2551

Wayne John Positan
**Lum, Danzis, Drasco & Positan, LLC**
103 EISENHOWER PARKWAY
ROSELAND, NJ 07068-1049
(973) 403-9000

Hugh Peterson, III
**McNatt, Greene & Peterson**
P.O. Drawer 1168
Vidalia, GA 30475-1168
Tel: 912/537-9343
Fax: 912/537-2658

Jason A. Cincilla
**Morris, Nichols, Arsht & Tunnell**
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel: 302/658-9200

Jay Eaton
**Nyemaster Goode Voigts West Hansell & O'Brien, PC**
700 Walnut
Suite 1600
Des Moines, IA 50309
515 283 3100
Fax: 283 8045

Norman H. Kirshman
Robert L Rosenthal
**Parsons Behle & Latimer**
411 E. Bonneville
Suite 300
Las Vegas, NV 89101
702-384-3877
Fax: 702-599-6023

Damon J. Georgelas
Erik A. Christiansen
**Parsons Behle & Latimer**
201 S MAIN ST STE 1800
PO BOX 45898
SALT LAKE CITY, UT 84145-0898
(801)532-1234

Douglas M. Todd
Thomas G. Wolfe
**Phillips McFall McCaffrey McVay & Murrah, PC**
One Leadership Square
211 N. Robinson
Twelfth Floor
Oklahoma City, OK 73102
(405) 235-4100

Robert M Howie
Skylar A Sherwood
**Riddell Williams PS**
1001 Fourth Avenue
Suite 4500
Seattle, WA 98154
206-624-3600
Fax: 12063891708

Paul W. Chaiken
Phillip D. Buckley
**Rudman & Winchell**
84 Harlow Street
P.O. Box 1401
Bangor, ME 04401
(207) 947-4501

Amanda T. Gamblin
David W. Axelrod
**Schwabe, Williamson & Wyatt PC**
1600-1900 Pacwest Center
1211 S.W. Fifth Avenue
Portland, Or 97204
(503) 796-2903
Fax: (503) 796-2900

James K. Dorsett, III
Michael R. Gordon
**Smith Anderson Blount Dorsett Mitchell & Jernigan**
P.O. Box 2611
Raleigh, NC 27602-2611
919-821-1220
Fax: 821-6800

Pierre H. Bergeron
**Squire, Sanders & Dempsey**
312 Walnut Street
Suite 3500
Cincinnati, OH 45202-4036
513-361-1289

James Dean Thomas
Philip Oliss
Stacy D. Ballin
**Squire Sanders & Dempsey LLP**
4900 Key Tower
127 Public Sq.
Cleveland, OH 44114
(216) 479-8500

Steven Bradley Harris
Mark S Armstrong
**Squire Sanders & Dempsey**
600 Travis
6250 Chase Tower
Houston, TX 77002
713/546-5850
Fax: 17135465830

Carlotta Justine Roos
**Squire, Sanders & Dempsey LLP**
Wachovia Financial Center
200 S. Biscayne Blvd., Suite 4000
Miami, FL 33131-2398
Tel: 305/577-7000

Jeffrey E. Storch
**Squire Sanders & Dempsey LLP**
350 Park Avenue
New York, NY 10022-6022
212-872-9800
Fax: 212-872-9815

Joseph A. Meckes
Mark C. Dosker
Michael W. Kelly
Sara Kathryn Regan
**Squire Sanders & Dempsey**
1 Martime Plaza, Suite 300
San Francisco, CA 94111-3492
Tel: 415/954-0200
Fax: 415/393-9887

John Anson Burlingame
**Squire Sanders and Dempsey LLP**
1201 Pennsylvania Ave NW Ste 500
PO Box 407
Washington, DC 20004-0407
Tel: 202/626-6600
Fax: 202/626-6780

Thomas W. Lyons, III
**Strauss, Factor, Laing & Lyons**
222 Richmond Street
Suite 208
Providence, RI 02903-2914
456-0700
Fax: 421-4730

Dudley Collier Graham, Jr.
Jeremy L. Birdsall
**Wise, Carter, Child & Caraway**
P. O. Box 651
Jackson, MS 39205-0651
(601) 968-5500