**From:** "Dosker, Mark C." <MDosker@SSD.com>
**To:** <brucemeyerson@msn.com>, <TaylorK@adr.org>
**Date:** 2/17/2006 6:01:59 PM
**Subject:** RE: Veliz v. Cintas, AAA 11 160 01323 04

To Arbitrator Bruce Meyerson:

Dear Bruce:

As I offered and promised, I am writing regarding the date for Cintas' response to Claimants' recent clause construction motion.

I have tried to reach agreement with Claimants' counsel Michael Rubin, in a total of five communications by e-mail and phone, but that has not proven possible. Please see the chain of communications below, reading up from the bottom in chronological order.

Cintas proposes and requests that it have until April 7th within which to respond to Claimants' motion as I have more fully set forth below. And although it would be tight, if you think it is somehow essential to move it up a week, Cintas is reluctantly willing to have the deadline be set at March 31st.

As per your prior authorization, Respondent did not start scheduling a response date until after receiving Judge Armstrong's Order a couple of days ago. And due to long-prearranged travel commitments on the Presidents' Day legal holiday weekend and the remainder of next week, as summarized in my e-mail below to Claimants' counsel, this coming week is such that we will not really be able to start working on our opposition until the week of February 27th as I explained in my opening e-mail below. So any amount of time to prepare our opposition should run from then, I would submit.

The April 7th date (or if you decide March 31st date) that I note above is necessary for our opposition, regardless whether or not we decide to recommend to Cintas that it make, and regardless whether or not Cintas decides to make, its own clause construction motion. But I have voluntarily noted to Claimants' counsel (see e-mails below) that that is something under serious consideration. As the Respondent and co-equal party in this arbitration, Cintas has a right in arbitration to make its own motion so framed in jurisdiction and scope for a clause construction award (with the accompanying right to seek Court review of that motion so framed in jurisdiction and scope) if Cintas decides it needs to do so. I could have just waited until I reach a recommendation to my client on that subject and then my client reaches a decision on that subject and then I could have just filed Cintas' motion at the same time as Cintas' opposition to Claimants' motion. But as a courtesy, I raised the possibility of it up front in my opening communication about scheduling (see e-mails below).

What I am not willing to do, however, is to agree to the condition that Claimants' counsel seeks to put in place per his final communication in the e-mail immediately below this one: that Cintas abandon that right to make a motion of its own for a clause construction award. This is especially so in that Claimants' counsel seeks to extract that in order for Cintas to get a bare-bones amount of time in a context where Claimants took the same - or probably more than the same – amount of time (6 weeks or more) to prepare their motion as the amount of time Cintas needs for opposition to it. I also note that Claimants' counsel - even with and as part of the condition they seek to impose - want 3 weeks to reply even if Cintas only has 4 weeks to oppose.

Cintas respectfully requests and proposes that you set the following schedule:

April 7th (or March 31st if you so decide) - Cintas' opposition to Veliz's clause construction motion; and Cintas' clause construction motion (if any presently)

April 28th - Veliz's reply on clause construction motion; and Veliz's opposition to Cintas' clause construction motion (if one is made by Cintas on April 7th)

**EXHIBIT A**

May 19th - Cintas' reply on its clause construction motion (if one is made by Cintas on April 7th)

Hearing - to be determined, based on availability of the Arbitrator, availability of the parties' counsel, and whether there is a clause construction motion by Cintas brought on April 7th.

As I offered to Claimants' counsel, the April 28th dates and May 19th dates could be pushed later if Claimants' counsel or you want (although I'll be overseas the week of May 23rd).

********

Please set these dates so we can proceed. Thank you.

Very truly yours,

Mark

Mark C. Dosker

---

From: Michael Rubin [mailto:mrubin@altshulerberzon.com]
Sent: Fri 2/17/2006 3:57 PM
To: Dosker, Mark C.
Cc: Eileen Goldsmith; spepich@lerachlaw.com; tmt@tvlegal.com; Kelly, Michael W.
Subject: RE: Veliz v. Cintas, AAA 11 160 01323 04

We will agree to let Cintas have until March 31, 2006 to respond to claimants' Clause Construction Motion, based on your representation that you need that much time to prepare your response, on the conditions that: 1) Cintas not file any other motion in the arbitration before March 31 (because presumably you need the time to prepare the opposition, not to file something new); and 2) claimants will have until April 21, 2006 to file our reply. If these conditions are acceptable, you are welcome to represent to the arbitrator that we have agreed to a March 31/April 21 briefing schedule.

-----Original Message-----
From: Dosker, Mark C. [mailto:MDosker@SSD.com]
Sent: Friday, February 17, 2006 12:10 PM
To: Michael Rubin
Cc: Eileen Goldsmith; spepich@lerachlaw.com; tmt@tvlegal.com; Kelly, Michael W.
Subject: RE: Veliz v. Cintas, AAA 11 160 01323 04

Dear Michael:

Just to be clear -- I explained to you in my e-mail yesterday and again in our call this morning that we need until April 7th to submit our opposition regardless whether or not Cintas ultimately chooses to make its own clause construction motion. And that date is completely

appropriate in view of the context as I noted in my e-mail yesterday to you.

It seems you are not willing to agree to us having the same amount of time to respond to your motion as you took to write it.

With these further comments in mind, will you now agree to April 7th as the date for our opposition to your motion?

If you refuse, I might be able to squeeze it out by March 31st -- but anything sooner than that is not practical.

Please let me know by as early this afternoon as possible whether you will agree to March 31st (or preferably April 7th) as the date for Cintas' opposition to your motion.

Very truly yours,

Mark

Mark C. Dosker

P.S. -- as always, any silence here as to other parts of your e-mail below is not agreement in it or acquiescence in it.

-----Original Message-----
From: Michael Rubin [mailto:mrubin@altshulerberzon.com]
Sent: Friday, February 17, 2006 11:53 AM
To: Dosker, Mark C.
Cc: Eileen Goldsmith; spepich@lerachlaw.com; tmt@tvlegal.com; Kelly, Michael W.
Subject: RE: Veliz v. Cintas, AAA 11 160 01323 04

Mark:

When we spoke earlier this morning to discuss your email, and particularly Cintas' request for an extended briefing schedule in order to prepare a second clause construction motion, you were unable to provide any information about that second motion. You would not say what issues it would raise, why it was necessary or appropriate, or why Cintas' arguments could not adequately be covered in its opposition to the pending motion. You explained that Cintas' purpose was not simply to get another round of briefing or to further delay these proceedings, but you said that you could not give claimants any information at all about the intended substance or purpose of the second motion, except that you believe that Cintas has a right to file such a motion and to have the arbitration proceedings stayed for 30 days or more while Judge Armstrong considers any motion to confirm or vacate an award resulting from that motion.

Under these circumstances, claimants do not agree that Cintas should be permitted to delay these proceedings further by filing a second clause

construction motion. Rule 3 of the AAA's Supplementary Class Action Rules states: "Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award")." That issue has now been formally presented to the arbitrator for decision. Cintas has the opportunity to make its views known to the arbitrator, by responding to claimants' brief. While we recognize that this arbitration will likely raise many different issues before a final award issues, the scope of a Clause Construction Award is narrowly and precisely defined under the rules. We are not willing to expand the issues beyond the single issue set forth in Rule 3, which is the issue we analyzed in our opening brief.

Given that we will not agree to Cintas filing a second Clause Construction motion, we also see no need to extend until May 2006 the briefing on the relatively straightforward motion that we filed. Under the usual rules governing court actions, a party opposing a motion has between 15 and 21 days to respond to the moving party. Given the scheduling issues you raise in your email, we propose that Cintas should have 30 days to respond to our February 9, 2006 motion, and that claimants should then have 15 days to reply. As always, if good cause exists for an extension as those deadlines approach, we would be accommodating, as we would expect you to be. But we do not see any reason, based on your email, to agree to an initial 60-day response period to what is, after all, a straightforward motion that the parties have been discussing and expecting for several years.

We are available to discuss these matters with the arbitrator today before you leave, or Monday, if you and the arbitrator are available then.

-----Original Message-----
From: Dosker, Mark C. [mailto:MDosker@SSD.com]
Sent: Thursday, February 16, 2006 8:00 PM
To: Michael Rubin
Cc: Eileen Goldsmith; spepich@lerachlaw.com; tmt@tvlegal.com; Kelly, Michael W.
Subject: RE: Veliz v. Cintas, AAA 11 160 01323 04

Dear Michael:

I am writing to propose some dates. Cintas is seriously considering making its own motion for a clause construction award. And whether it does or not, realistically, the date for our opposition to your pending clause construction motion will need to be at least April 7th.

As approved in advance by Arbitrator Meyerson, we awaited Judge Armstrong's Order - which came out two days ago. As it happens, I (and all our team on this case) will be out of the office virtually all of next week due to a combination of the Presidents' Day holiday and a long pre-scheduled firmwide meeting on the East Coast. So we're not really going to get a start on your motion until the following week of February 27th. Even taking from then the same amount of time you took from the January 2nd teleconference to when you filed your motion would put us at about April 7th. Taking the same amount of time from when you announced

your desire to make your motion (by which you had presumably started working on it) would be some weeks longer into late April or early May. And of course you have probably been thinking about your motion since at least the October hearings before Judge Armstrong. But by definition, we couldn't start evaluating your motion until after we got it.

Anyway, with that context in mind, I propose the following dates:

April 7th - Cintas' opposition to Veliz's clause construction motion; and Cintas' clause construction motion (if any presently)

April 28th - Veliz's reply on clause construction motion; and Veliz's opposition to Cintas' clause construction motion (if made by Cintas on April 7th)

May 19th - Cintas' reply on its clause construction motion (if made by Cintas on April 7th)

Hearing - to be determined, based on availability of Arbitrator Meyerson, availability of the parties' counsel, and whether there is a clause construction motion by Cintas brought on April 7th.

The April 28th dates and May 19th dates could be pushed later if you want (although I'll be overseas the week of May 23rd). But I thought these might work.

Please get back to me on Friday. Thanks.

Very truly yours,

Mark

Mark C. Dosker

-----Original Message-----
From: Bruce Meyerson [mailto:brucemeyerson@msn.com]
Sent: Tuesday, February 14, 2006 3:40 PM
To: Dosker, Mark C.; mrubin@altshulerberzon.com; TaylorK@adr.org
Cc: egoldsmith@altshulerberzon.com; spepich@lerachlaw.com; tmt@tvlegal.com; Kelly, Michael W.
Subject: RE: Veliz v. Cintas, AAA 11 160 01323 04

Thanks, Mark. Hopefully, someone will forward a copy to me. I would encouage you to consult with Mike regarding not only the timing of your response but his reply as well. Thanks.Bruce.

**CC:** "Eileen Goldsmith" <egoldsmith@altshulerberzon.com>, <spepich@lerachlaw.com>, <tmt@tvlegal.com>, "Kelly, Michael W." <MKelly@ssd.com>, <mrubin@altshulerberzon.com>