# EXHIBIT 1

SQUIRE, SANDERS & DEMPSEY L.L.P.
Mark C. Dosker (CA Bar #114789)
Michael W. Kelly (CA Bar #214038
Joseph A. Meckes (CA Bar #190279)
Cheryl A. Hipp (OH Bar # 0062959)
Angela N. O'Rourke (CA Bar #211912)
One Maritime Plaza, Third Floor
San Francisco, CA 94111-3492
Telephone: +1.415.954.0200
Facsimile: +1.415.393.9887

Attorneys for Respondent
CINTAS CORPORATION

BEFORE THE

AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| PAUL VELIZ, et al., On Behalf of Themselves and All Other Similarly Situated,<br><br>Claimants,<br><br>vs.<br><br>CINTAS CORPORATION, an Ohio corporation<br><br>Respondent. | No. 11 160 01323 04<br><br>**ANSWER TO DEMAND FOR CLASSWIDE ARBITRATION** |

Pursuant to Rule 4 of the American Arbitration Association's ("AAA") National Rules for the Resolution of Employment Disputes ("National Rules"), respondent Cintas Corporation ("Cintas") hereby submits its initial Answer to the May 4, 2003 Demand for Classwide Arbitration Under AAA Employment Arbitration Rules and Supplementary Rules for Class Arbitration ("Demand for Arbitration") submitted to the AAA by counsel purportedly representing 115 current or former Cintas employees ("Claimants") presently, and potentially thousands to come in the next few months.



Exhibit 1

## I. INTRODUCTORY STATEMENT

1. On May 4, 2003, counsel for Claimants submitted the Demand for Arbitration to the AAA demanding "arbitration on a class and/or collective basis . . . all state and federal claims for overtime compensation and backpay" that had been alleged in the complaint filed in *Veliz et al. v. Cintas Corporation et al*, No. C-03-1180-SBA (N.D. Cal.) (the "District Court Action"). For the moment, Claimants are 115 individuals from 11 different states who had previously been plaintiffs in the District Court Action but who were ordered by the Court to arbitrate their dispute with Cintas. Each Claimant is a party to one of multiple materially different arbitration provisions that are governed by the laws of 11 different states and which expressly require that arbitration be held in at least 29 different counties across the nation. As summarized below, if Claimants' counsel have their way, there soon will be thousands of claimants -- each of whom is a party to one of multiple different arbitration provisions that are governed by the laws of numerous different states (probably 42) and which expressly require that arbitration be held in hundreds of different counties across the nation. Arbitrating this dispute on a class basis or collective basis, as Claimants have demanded, would require the application of the laws of up to 42 different states where Cintas has employees (and also the differing law of the various federal appellate circuits where those states are located) and would involve the presentation and consideration of large volumes of evidence on an individual basis for each and every member of the putative class. As set forth in more detail below, and as will be set forth in further detail if this matter goes forward, the AAA lacks the authority to administer – and any arbitrator(s) lack the authority to arbitrate – this Demand for Arbitration on a class basis or collective basis, and to do so would directly violate the express terms of each of the separate arbitration agreements between Cintas and each of the Claimants as well as violate the express terms of each of the separate arbitration agreements between Cintas and each of the members of the putative class and putative subclasses.

2. In the alternative, and solely to the extent that an arbitrator or panel of arbitrators somehow does conclude that arbitration on a class basis or collective basis is lawful under the terms of the relevant arbitration agreements, and if such a conclusion is not corrected by the Court,

Cintas notes here that it denies any and all liability to Claimants or to the members of the putative class and/or classes and/or collective they purport to represent.

## II. RESPONSE TO DEMAND FOR ARBITRATION ON A CLASS BASIS OR COLLECTIVE BASIS

### A. <u>The AAA Lacks Authority to Administer, and Any Arbitrator Lacks Authority to Proceed on, this Demand for Arbitration on a Class Basis or Collective Basis</u>

3. For the reasons summarized herein, the AAA cannot administer and does not have authority to administer, nor does any arbitrator have authority nor do any arbitrators have authority to conduct proceedings on, this Demand for Arbitration on a class basis or a collective basis.

4. As the AAA has acknowledged in writing, each of the Claimants has entered into one of multiple separate and distinct arbitration agreements with Cintas, which contain differing and inconsistent terms and conditions of arbitration.

5. <u>There is No Single Governing Arbitration Provision</u>. This Demand for Arbitration cannot proceed on a class basis or collective basis because there is no single arbitration provision that would govern the terms and scope of the arbitration. Among them, the Claimants in this Demand for Arbitration are parties to multiple different agreements to arbitrate containing materially different terms and conditions, which are governed by the laws of at least 11 states (and based on Claimants' counsels' statements to date, at least 22 states so far and probably 42 states). Consideration of this Demand for Arbitration on a class basis or collective basis would require the AAA and the arbitrator(s) to disregard one or more material terms of the parties' various agreements to arbitrate. That is prohibited by law.

6. <u>Individual Arbitration Required</u>. This Demand for Arbitration cannot proceed on a class basis or collective basis, for numerous reasons including but not limited to those summarized in this Answer. The Claimants' numerous individual agreements with Cintas, and their differing governing law and other differing terms, are such that the law requires that arbitration be conducted on an individual basis. Cintas denies that language of any of the various arbitration

agreements between the Claimants and Cintas can be construed to permit arbitration on a class basis or collective basis.

7. Because the Claimants' individual agreements to arbitrate require that any arbitration be held in the state and county where the individual Claimant last worked for Cintas, and that the arbitration be governed by the local law, and that the arbitrator[s] be chosen from a regional panel of employment specialists, Cintas submits that a single arbitrator or a single arbitral tribunal cannot consider a single arbitration as per the Demand for Arbitration without directly violating the terms of each of the many separate agreements to arbitrate.

8. Conflicting Laws of Multiple Jurisdictions. This Demand for Arbitration cannot proceed on a class basis or collective basis because consistent interpretation of the various arbitration agreements on a class basis or collective basis is not authorized. As the Court in the District Court Action has already held, each of these agreements is governed by the law where the individual claimant was employed, including the law of the federal circuit courts of appeals encompassing that jurisdiction. The initial determination of whether the current group of Claimants should be permitted to arbitrate this Demand for Arbitration on a class basis or collective basis will depend on the interpretation and construction of four materially different arbitration agreements under the laws of 11 different states including the differing and sometimes inconsistent laws of California, Colorado, Connecticut, Illinois, Indiana, Maryland, Michigan, Missouri, New Jersey, New York and North Carolina and the various federal appellate circuits in which those states are located. Further, as stated in the pending Demand for Arbitration, Claimants seek to arbitrate "on behalf of all individuals who filed, or who hereafter file Consents to Sue" in the District Court Action. Plaintiffs in the District Court Action recently filed "Consents to Sue" in that action on behalf of opt-in plaintiffs from another 11 states -- Alabama, Arizona, Florida, Georgia, Kentucky, Louisiana, Nevada, Ohio, Texas, South Carolina and Virginia. Cintas also recently provided to plaintiffs' counsel in the District Court Action (who are the same lawyers who submitted the pending Demand for Arbitration) a list of 9,671 names and addresses of current and former employees of Cintas from up to 42 different states, whom plaintiffs contend fit within the collective action asserted by plaintiffs in the District Court Action,

and who will be given a 90 day period (starting later this month) to "opt-in" to the District Court Action. The Court in the District Court Action has already ruled that the vast majority of persons who do so, however, will be compelled to arbitrate.[1] To the extent that some or all of these individuals seek to join this Demand for Arbitration, the initial question of whether the multiple different arbitration agreements at issue allow for proceeding on a class basis or collective basis would require application of the differing laws of up to 42 different states and of the differing law of the various federal appellate circuits in which those states are located.

9. Place of Arbitration, Location of Witnesses and Evidence. This Demand for Arbitration cannot proceed on a class basis or collective basis because each of the various arbitration agreements requires that any arbitration be held in the county and state where the claimant currently works for Cintas or most recently worked for Cintas. For the moment, the Claimants are 115 individuals from at least 29 different counties and 11 different states across the nation. At least 109 individuals from at least 20 additional counties and 11 additional states have opted to join the District Court Action since Claimants filed their pending Demand for Arbitration, many of whom may ultimately seek to join this arbitration if (as the Court has ruled is most likely to be the case) they are compelled to arbitrate, and if this Demand for Arbitration is permitted to proceed on a collective basis or class basis. If this Demand for Arbitration is permitted to proceed on a class basis or collective basis, this Demand for Arbitration could soon involve opt-in claimants from Cintas locations in hundreds of counties throughout up to 42 different states. The contractual (and therefore jurisdictional) requirement in each separate arbitration agreement that each arbitration be held in the state and county where the employee was last employed is a material term of the parties' arbitration agreements. Determining the merits of each Claimant's claim will involve highly individualized determinations as to whether or not the individual Claimant met the criteria for an exempt employee under the Motor Private Carrier exemption to the FLSA, the Outside Sales Exemption or the Managerial exemption. 29 U.S.C. § 213. For

[1] Consistent with the United States Supreme Court's decision in *Greentree v. Bazzle*, the Court in the District Court Action has made no determination in the first instance as to whether or not arbitration on a class basis or a collective basis is allowable.

example, as to the first of these, and as the Court stated in its Order regarding facilitated notice in the District Court Action, the United States Supreme Court has held since 1947 that a claimant who spent "as little as 3.65 percent of his time" distributing goods in interstate commerce is properly classified as exempt from overtime, under the Motor Private Carrier exemption. To the extent this Demand for Arbitration is allowed to proceed on a class basis or a collective basis, and not in the individual states and counties where each individual claimant is employed or was last employed, as required by each of the numerous arbitration agreements, each of the numerous arbitration agreements will be violated. This is prohibited by law. Moreover, Cintas will suffer substantial damage and undue prejudice in that it will be much more difficult for Cintas to present evidence and testimony regarding the circumstances of each individual claimant's employment. If the pending Demand for Arbitration were allowed to proceed on a collective basis or class basis, Cintas would be deprived of material terms of each of its many individual arbitration agreements.

10. Each of the Individual Arbitration Agreements Requires a Local Arbitrator. This Demand for Arbitration cannot proceed on a class basis or collective basis because it would put before a single arbitrator or panel of arbitrators on a class basis or collective basis issues that are required by each arbitration agreement to be resolved by multiple separate arbitrators selected on a regional basis who have expertise in local employment law, customs and practices. Each of the numerous arbitration agreements require that they be administered pursuant to the AAA's National Rules, which require that arbitrators be chosen from the regional Employment Dispute Resolution Roster. National Rule 12(b)(i). To the extent that the pending Demand for Arbitration is administered under the AAA's Supplementary Rules for Class Arbitrations ("Supplementary Rules"), at least one arbitrator "shall be appointed from the AAA's national roster of class arbitration arbitrators." Supplementary Rule 2(a). To the extent that this Demand for Arbitration proceeds on a class basis or collective basis, Cintas would be deprived of its contractual right (which in arbitration is jurisdictional) to the appointment of local arbitrators, whom Cintas would select differently for each Claimant's claim regardless whether Claimants might select the same arbitrator(s) for all claims, which local arbitrators are familiar with local law, customs and practices.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza
San Francisco, CA 94111-3492

11. Due Process. This Demand for Arbitration cannot proceed on a class basis or collective basis because doing so would deny Cintas and absent class members due process of law.

B. **Claimants' Demand for Arbitration Cannot Proceed on a Collective Basis**

12. AAA Has No Rules or Procedures Governing Arbitration on a Collective Basis. The pending Demand for Arbitration cannot proceed on a collective basis because neither the National Rules nor the Supplementary Rules provide a procedure for, or any rules governing, the administration of an arbitration conducted on a collective basis.

13. Claimants Not Similarly Situated. This Demand for Arbitration cannot proceed on a class basis or collective basis because the Claimants are not similarly situated as required by 29 U.S.C. § 216(b). The question of whether any particular claimant was properly classified as an exempt employee will require a highly individualized analysis of the circumstances of his or her employment, the types and origins of products carried by individual claimants when employed by Cintas, the weight of the vehicle he or she drove and whether and to what extent they were involved in sales of products to Cintas' customers.

14. "Opt-In Claimants" Have Not Consented to Arbitration on a Class Basis or A Collective Basis. The pending Demand for Arbitration cannot proceed on a class basis or collective basis because the submission of consent-to-sue forms in the District Court Action, and the appointment of attorneys for representation in that District Court Action, does not constitute consent to arbitration on a collective basis or a class basis; and in any event, because Cintas has not agreed to arbitrate on a collective basis or a class basis.

C. **Claimants Cannot Proceed on a Class Basis Under Supplementary Rule 4**

15. No Common Questions of Law or Fact. Claimants may not proceed on a class basis under Supplementary Rule 4 because there are no questions of law or fact common to the putative class or to any of the putative regional subclasses. The merits of each individual claimant's claim is wholly dependant on matters specific to that individual claimant, for example: (a) what vehicle the individual claimant drove, (b) where the individual claimant drove it, (c)

whether at least 3.65% of what was in the vehicle was in interstate commerce when the individual claimant drove the vehicle, and (d) what sales efforts the individual claimant made. The answer to any one of those matters as to any individual can render that individual exempt from overtime.

16. Named Claimants' Claims Are Not Typical. Claimants may not proceed on a class basis under Supplementary Rule 4 because the claims of the putative representative claimants are not typical of the claims of the putative class or any putative regional subclasses.

17. Named Claimants Will Not Fairly and Adequately Represent Putative Class(es). Claimants may not proceed on a class basis under Supplementary Rule 4 because the representative parties, if any, will not fairly and adequately protect the interests of the putative class or any putative state subclasses.

18. Putative Class Counsel Will Not Fairly and Adequately Represent Putative Class(es). Claimants may not proceed on a class basis under Supplementary Rule 4 because counsel for the putative class will not fairly and adequately protect the interests of the putative class or any putative state subclasses.

19. Arbitration Agreements of Putative Class Members Not Substantially Similar. Claimants may not proceed on a class basis under Supplementary Rule 4 because, as set forth in Paragraphs 3 through 7, above, each member of the putative class or putative regional subclasses has not entered into an agreement containing an arbitration clause which is substantially similar to that signed by the putative class representatives and each of the other members of the putative class or putative regional subclasses. The various arbitration agreements at issue in this pending Demand for Arbitration contain materially different terms regarding, *inter alia*, the scope of the arbitration, the place of arbitration and the law governing the arbitration.

20. Further response in the alternative. Without waiving it opposition to this matter proceeding on a class basis or collective basis, Cintas further responds to the Demand for Arbitration as follows.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza
San Francisco, CA 94111-3492

## III. FURTHER RESPONSE TO ALLEGATIONS

21. General Response. In their Demand for Arbitration, Claimants purport to "demand arbitration on a class and/or collective basis of all state and federal claims for overtime compensation and backpay alleged in plaintiffs First Amended Complaint for Injunctive Relief and Damages" (the "Complaint") in *Veliz et al. v. Cintas Corporation et al*, No. C-03-1180-SBA (N.D. Cal), except for the claims of 10 individuals whose claims remain pending in the District Court Action. Because the First and Second Claims for Relief are not "claims for overtime compensation and backpay," they are not within the scope of arbitration demanded by Claimants. In this Answer, Cintas responds to only the individual claims of the current Claimants and reserves the right to amend its answer to the extent any additional Claimants seek or are permitted to join this arbitration.

22. Denial of Allegations. The Third through Thirteenth Claims for Relief asserted in the Complaint each allege that Cintas violated the FLSA and/or various state statutes or regulations regarding the payment of overtime compensation by classifying Claimants as exempt employees. Cintas denies each and every allegation against it and specifically denies that it improperly classified Claimants or any putative members of any putative collective action or any putative regional classes as exempt employees in violation of any state or federal law or regulation and Cintas specifically denies that Claimants are entitled to any relief.

23. General Denial and Reservation of Rights. To the extent there are any allegations in the Complaint which Claimants contend or believe support their claims against Cintas, Cintas denies those allegations. Cintas reserves its right to amend this Answer to respond to any substantive allegations Claimants make, either through amendment or otherwise, at any time as may be appropriate. Cintas notes that Claimants' counsel purported. by a letter on July 8, 2004 -- the afternoon prior to this Answer being due -- to seek further relief not previously identified in the pending Demand for Arbitration. Cintas objects to the belated attempt to do so, but if Claimants are allowed to do so, Cintas reserves its rights to respond more fully at such time (if any) as Claimants are allowed to do so. Meanwhile, Cintas denies all allegations seeking

additional relief in the letter dated July 8, 2004 from Claimants' counsel and Cintas denies that Claimants are entitled to any relief whatsoever.

## IV. AFFIRMATIVE DEFENSES

24. First Affirmative Defense. The Demand for Arbitration fails to state a claim upon which relief can be granted under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, or under any applicable state law.

25. Second Affirmative Defense. Claimants' claims are barred, in whole or in part, by the applicable two-year statute of limitations under the FLSA, 29 U.S.C. § 255, by the applicable state statutes of limitations, including but not limited to California Code of Civil Procedure sections 338 and 340 and California Business and Professions Code section 17208; Colorado Rev. Stat. § 8-4-126, Conn. Gen. Stat. § 52-596, 820 ILCS § 105/12, Ind. Code § 22-2-2-9, Mich. Comp. Laws § 408.393, Mo. Rev. Stat. § 290.520, N.J. Stat. Ann. § 34:11-56a25.1; and N.Y. Lab. Law § 663 and other applicable law.

26. Third Affirmative Defense. Claimants' claims are barred, in whole or in part, because Claimants are exempt from the overtime requirements of the FLSA, including but not limited to meeting the requirements for the exemption for outside salespersons, 29 U.S.C. § 213(a)(1), the exemption for employees for whom the Secretary of Transportation may prescribe requirements for qualifications and maximum hours of service, 29 U.S.C. § 213(b)(1), and the exemption for executive employees, 29 U.S.C. § 213(a)(1).

27. Fourth Affirmative Defense. The claims of Claimants, and each of them, are barred, in whole or in part, because Cintas is not subject to the wage and hour laws of any given state and/or Claimants are either not subject to the wage and hour laws of any given state or are exempt from the wage and hour laws of that state, including any exclusions or exemptions from laws pertaining to minimum wage, overtime, meals, rest, recordkeeping and wage payment, and including but not limited to:

a. Exclusions or exemptions for outside salespersons, employees whose hours of service are regulated by Title 49 of the United States Department of Transportation

Code of Federal Regulations or Title 13 of the California Code of Regulations, subchapter 6.5, Section 1200, and executive employees, pursuant to California Labor Code § 515 and the Industrial Welfare Commission Orders contained in Cal. Code Regs. Title 8.

b. Exclusions or exemptions for outside salespersons, drivers and driver helpers, and executives/supervisors, pursuant to Colorado Wage Order No. 22, Sec. 5, 7 CCR 1103-1.

c. Exclusions or exemptions for outside salespersons, drivers or helpers with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service, and executive employees, pursuant to Connecticut Gen. Stat. §§ 31-76i and 31-58(f) and Conn. Agencies Regs. 31-60-1 *et seq*.

d. Exclusions or exemptions for outside salespersons, individuals permitted to work for a motor carrier for whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service under the provisions of Title 49 U.S.C. or the State of Illinois under Section 18b-105 of the Illinois Vehicle Code, and executive employees and supervisors, pursuant to 820 ILCS §§ 105/3, 105/4a and 140/2.

e. Exclusions or exemptions for employers subject to the minimum wage provisions of the FLSA, for outside salespersons, employees with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service, and executive employees, pursuant to Ind. Code §§ 22-2-2-3 and 22-2-5-1.1.

f. Exclusions or exemptions for employers subject to the minimum wage provisions of the FLSA or otherwise excluded or exempted pursuant to Mich. Comp. Laws §§ 408.384a and 408.394.

g. Exclusions or exemptions for employees receiving a minimum wage pursuant to the FLSA, employees subject to the minimum wage provisions of applicable federal law, employees whose earnings are derived in whole or in part from sales

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza
San Francisco, CA 94111-3492

commissions and whose hours and places of employment are not substantially controlled by the employer, and executive employees pursuant to Mo. Rev. Stat. § 290.500.

h. Exclusions or exemptions for outside salespersons and executive employees pursuant to N.J. Stat. § 34:11-56a4.

i. Exclusions or exemptions for outside salespersons, executive employees and employees subject to the exemptions of the FLSA pursuant to pursuant to N.Y. Lab. Law §§ 2 651 and Minimum Wage Order for Miscellaneous Industries and Occupations, N.Y.C.R.R. Part 142, § 142-2.1 *et seq*.

28. Fifth Affirmative Defense. With respect to the matters alleged, Cintas has at all times acted in good faith, did not act willfully, has acted in conformity with and in reliance on the applicable administrative regulations, orders, rulings, approvals and interpretations or on the applicable administrative practices and enforcement policies and/or has acted with reasonable grounds to believe its actions were in conformity with the law, thus precluding recovery by Claimants, or any of them, against Cintas.

29. Sixth Affirmative Defense. Claimants, and each of them, are precluded from recovery to the extent they have already received compensation for all hours worked, for rest and meal periods for which payment is required by law, and any other amounts owed. Claimants are also precluded from recovery to the extent they have already received all compensation when such compensation was due under applicable state law.

30. Seventh Affirmative Defense. Claimants' Prayer for Injunctive Relief in the First Amended Complaint attached to Claimants' Demand for Arbitration as Exhibit B is barred as courts have uniformly held the right to bring an action for injunctive relief under the Fair Labor Standards Act rests exclusively with the United States Secretary of Labor. See, e.g., United Food & Commercial Workers Union, Local 1564 v. Albertson's, Inc., 207 F.3d 1193 (10th Cir. 2000); Howard v. City of Springfield, 274 F.3d 1141 (7th Cir. 2001).

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza
San Francisco, CA 94111-3492

31. Eighth Affirmative Defense. The claims of Claimants, and each of them, are barred to the extent they are preempted by the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* and/or the Labor Management Relations Act, 29 U.S.C. § 401 *et seq.*

32. Ninth Affirmative Defense. Neither Claimants nor any other person is entitled to any relief to the extent he or she forfeited his or her right to relief under the doctrines of laches or unclean hands, waived his or her rights, or is estopped from seeking the relief requested.

33. Tenth Affirmative Defense. By their own conduct, acts and omissions, Claimants, and each of them, consented to and acquiesced in Cintas' conduct.

34. Eleventh Affirmative Defense. The Demand for Arbitration and each purported claim for relief alleged therein are barred by the conduct, actions and inactions of Claimants, and each of them, under the doctrine of ratification.

35. Twelfth Affirmative Defense. The Demand for Arbitration and each claim for relief alleged therein are barred because Claimants lack standing to bring such causes of action.

36. Thirteenth Affirmative Defense. Claimants' claims on behalf of the general public are barred, in whole or in part, because Claimants are not proper representatives for members of the general public with regard to the injuries complained of.

37. Fourteenth Affirmative Defense. Claimants' claims on behalf of the general public violate Cintas' due process rights insofar as the general public will not be bound by the outcome of this action.

38. Fifteenth Affirmative Defense. Claimants' application of the California Unfair Competition Law here violates constitutional due process because it cannot reasonably be determined what conduct is required or proscribed by the Unfair Competition Law.

39. Sixteenth Affirmative Defense. The California Unfair Competition Law violates constitutional Separation of Powers clause because it purports, by statute, to improperly cede to private parties the powers of the executive branch of the Government, and to improperly delegate to the judiciary the powers of the legislative branch of the Government.

40. Seventeenth Affirmative Defense. Cintas presently has insufficient knowledge or information upon which it can form a belief as to whether it may have additional, as yet unknown

and unstated, affirmative defenses. Cintas reserves the right to amend its Answer to assert such additional affirmative defenses in the event that it subsequently appears that additional affirmative defenses are appropriate.

## V. PLACE OF ARBITRATION

41. Cintas objects to Claimants' request that the arbitration of the pending Demand for Arbitration be held at San Francisco, California or indeed at any single place. Each individual arbitration agreement between each individual Claimant and Cintas requires that the arbitration held pursuant to that agreement be conducted in the county and state where such individual Claimant last worked for Cintas or is currently working for Cintas. To proceed otherwise would violate the terms of the numerous agreements to arbitrate. That is prohibited by law.

42. Solely to the extent that an arbitral tribunal or arbitrator holds a clause construction proceeding pursuant to Supplementary Rule 3, however, Cintas consents to the place of that proceeding being San Francisco; provided, however, that Cintas' consent is not deemed a waiver of Cintas right to require that any further proceedings be held in the locations required by the operative agreements to arbitrate.

## VI. NUMBER OF ARBITRATORS

43. Cintas objects to the appointment of a single arbitrator or single panel of arbitrators, because that violates the terms of the individual arbitration agreements between the individual Claimants and Cintas. To the extent, however, that the AAA permits the pending Demand for Arbitration to proceed to the clause construction stage under the Supplementary Rules, Cintas strongly requests the appointment of a panel of three arbitrators. Supplementary Rule 2(b) authorizes the AAA, in its discretion, to do so. A three-arbitrator panel would be appropriate under the circumstances here, especially in view of the legal issues presented by the Demand for Arbitration in the context of this matter as summarized above, the vast number of potential claimants and the enormous amount of evidence and witnesses that will be required to

show that each individual Claimant from across the nation was properly classified as an exempt employee.

## VII. CONCLUSION

For the foregoing reasons and defenses, and based on such further submissions as Cintas may make in the course of this matter, Cintas prays as follows:

(a) That the AAA decline to administer this Demand for Arbitration on a collective basis or class basis; and

(b) That any arbitrator or panel of arbitrators issue an award on the Demand for Arbitration that refuses to allow it to proceed.

In closing, Cintas notes that silence here as to any allegation or other statement by Claimants is neither agreement with nor acquiescence in any such allegation or other statement.

Dated: July 9, 2004

Respectfully submitted,

SQUIRE, SANDERS & DEMPSEY L.L.P.

By ___________________
Mark C. Dosker

Attorneys for Respondent
CINTAS CORPORATION